**Elijah BYRD and Calvert Fire Insurance Company, Appellants,**

**v.**

**Rolf DIECK, Appellee.**

**No. 3037.**

Municipal Court of Appeals for the District of Columbia.

Argued July 30, 1962.

Decided Oct. 10, 1962.

Hyman L. Rosenberg, Washington, D. C., with whom Sol Friedman and Leonard L. Lipshultz, Washington, D. C., were on the brief, for appellants.

Thomas V. Moore, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

This case involved an automobile collision which occurred in the early hours of the morning on the Baltimore-Washington Expressway. According to the statement of proceedings and evidence, appellee "dozed off" and collided with the vehicle in front of him; his car was then struck by appellant's automobile. Appellant and his insurance carrier brought this action for property damage. The trial judge, sitting without a jury, entered judgment for appellee without making any findings of fact or conclusions of law. This appeal followed. The principal error assigned is the failure of the trial court to find that appellant could not have avoided the second impact due to

an emergency created by appellee's negligence.

Appellant testified substantially as follows: He was traveling from Philadelphia toward Washington in the right lane at a speed between 55 and 60 miles an hour when he saw appellee, traveling 10 miles per hour faster than he, pass him and return to the right-hand lane. When he heard the first impact, he was seven car lengths behind appellee; he applied his brakes as appellee swerved to the left, and the car in front of appellee swerved to the right. Appellee's car had no braking lights, and as appellant pulled to the left lane, in an effort to avoid the collision, he struck appellee's car. He testified that about two seconds elapsed between the time of the first and second impacts, and that he could not avoid the accident because both the right and left lanes were blocked.

Appellee denied being in the left lane. He testified that he was driving his car at a speed of 60 miles per hour in a southerly direction in the right lane; that he believed he dozed off; that he collided with the car in front of him and that it swerved to the right; that after the second impact, he traveled off the right lane to the right side of the highway and that appellant's car came to rest diagonally across the imaginary dividing line between the right and left lanes.

We must assume, in the absence of any findings to the contrary, that the trial court found the proximate cause of the second impact was appellant's negligence. However, the record fails to support such a conclusion. Appellant could not have foreseen that appellee would fall asleep and lose control of his vehicle while traveling 60 miles an hour. Without any warning he was confronted with an emergency for which appellee was solely responsible, and there is no indication that appellant's conduct was other than reasonable under the circumstances.

In view of the fact that the amount of property damage to appellant's vehicle was

stipulated by the parties, it is ordered that judgment be entered for appellants.

Reversed with instructions.

MYERS, J., was present at the argument of this appeal but did not participate in the decision.